IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY W. TANNER                                                                         PLAINTIFF

vs.                                   Civil No. 2:15-cv-02177

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Bobby W. Tanner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.    Background:**

Plaintiff protectively filed his disability applications on January 13, 2010. (Tr. 115-122).[1] In his applications, Plaintiff alleged he was disabled due to due to diabetic insulin dependence and bipolar disorder. (Tr. 157). Plaintiff alleged an onset date of January 1, 2009. (157, 367).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

On June 8, 2011, Plaintiff had an administrative hearing. (Tr. 29-55). On June 20, 2011, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 13-24). Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 7-9). The Appeals Council denied his request for review on October 2, 2012. (Tr. 1-6). Plaintiff filed an appeal to the United States District Court for the Western District of Arkansas and the District Court remanded this case to the Commissioner for further consideration on February 6, 2014. (Tr. 435). On May 8, 2014, the Appeals Council remanded this case to the ALJ for further proceedings. (Tr. 446).

Thereafter, on February 3, 2015, Plaintiff had a second administrative hearing. (Tr. 388-409). Plaintiff was present at this hearing and was represented by attorney Davis Duty *Id.* Plaintiff, and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.*

On May 4, 2015, the ALJ entered a partially favorable decision finding Plaintiff disabled beginning on August 1, 2014, but not disabled from his alleged onset date of January 1, 2009 through July 31, 2014. (Tr. 367-381). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 369, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 369, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: adjustment disorder with depression and anxiety, borderline intellectual functioning, and insulin dependent diabetes mellitus. (Tr. 369, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the Listings in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 370, Finding 4).

The ALJ then evaluated the credibility of Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 372, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ found prior to August 1, 2014, Plaintiff had the RFC to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967, except is able to perform work that is limited to simple, routine, repetitive tasks involving simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors, and the general public. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 378, Finding 7). The ALJ determined since January 1, 2009 Plaintiff's was unable to perform his PRW. *Id.* Upon consideration of the Medical-Vocational Guidelines and the VE's testimony, the ALJ found Plaintiff would be able to perform other work such as a power screwdriver operator and filling and closing tender prior to August 1, 2014. (Tr. 379, Finding 11). Therefore, the ALJ concluded Plaintiff was not disabled, prior to August 1, 2014, but became disabled on that date and continued to be disabled through the date of the decision. (Tr. 380, Finding 12).

On September 1, 2015, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred by not finding Plaintiff met a Listing (2) the ALJ erred in assessing his RFC; (3) the ALJ erred by failing to properly evaluate the credibility of Plaintiff's subjective complaints; and (4) the ALJ erred in his Step 5 conclusions. ECF No. 10 at 8-16. Because the ALJ erred in assessing Plaintiff's RFC, the Court will only address Plaintiff's second argument for reversal. Specifically, the Court finds the ALJ's RFC determination is not supported by substantial evidence in the record because the ALJ failed by improperly evaluating the opinions of one of Plaintiff's physicians.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

5

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On June 7, 2010, Dr. Robert Spray performed a Mental Diagnostic Evaluation on Plaintiff. (Tr. 267-271). At that time, Plaintiff complained of progressively worsening depression. (Tr. 267). Plaintiff had a ninth-grade education, was in special education classes and repeated 4th and 5th grade. *Id.* Plaintiff indicated he had mood swings, poor appetite, poor sleep, and excessive worry and stress. (Tr. 268). On intelligence testing, he had a full-scale IQ of 70, a verbal IQ of 73, and a performance IQ of 73. (Tr. 269). Dr. Spray found Plaintiff had long standing dysthymia, which had become more severe; generalized anxiety disorder; and passive dependent personality disorder. (Tr. 270). Dr. Spray also noted Plaintiff was functioning in the borderline range of intelligence with very poor math skills and memory deficits; persistence was poor, and his pace was adequate. *Id.*

Dr. Spray conducted a second evaluation on November 30, 2011. (Tr. 353-356). Plaintiff indicated he had anxiety attacks twice a week without Xanax, and the attacks were accompanied by difficulty breathing, chest pain, and rapid heart rate. (Tr. 356). Dr. Spray diagnosed Plaintiff with dysthymia; generalized anxiety disorder accompanied by panic attacks; passive dependent personality disorder with obsessive-compulsive features; and borderline intellectual functioning, and he gave Plaintiff a GAF score of 45-50. *Id.*

On December 15, 2011, Dr. Spray evaluated Plaintiff's work-related functioning. (Tr. 358-361). Dr. Spray indicated many areas of functioning were moderately or markedly limited. *Id*. Among the areas he considered to be severely limited were the ability to deal with work stresses; function independently; work in coordination or proximity to others; make simple work-related

decisions; and complete a normal workday or workweek. *Id.*

The ALJ stated he gave little weight to the opinions of Dr. Spray. (Tr. 376). The ALJ indicated he gave Dr. Spray's opinion little weight because it was not supported by the medical evidence and Plaintiff's own statements regarding his functional abilities. (Tr. 376). The ALJ's analysis consisted of discussing some daily activities of Plaintiff he found inconsistent and a lack of mental health treatment. *Id.* However, the record is supportive of Dr. Spray's assessment. Plaintiff was in special education classes in school and did not graduate from high school. (Tr. 158). Plaintiff's work history shows he was unable to keep any job for very long. (Tr. 129-134, 165). Plaintiff also has documented limited intelligence along with other mental disorders, and needs help from others to take care of his activities of daily living. (Tr. 175, 207, 396). On intelligence testing, he had a full-scale IQ of 70. (Tr. 269). This is supportive of the disorders and limitations found by Dr. Spray.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr, Spray's findings. *See Brown,* 611 F.3d at 951-52.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's physician, Dr. Spray. Because the ALJ did not properly review the opinions of Dr. Spray, this case should be reversed and remanded for proper review and analysis of these opinions.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be **reversed and remanded.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 23rd day of June 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE